IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|     Plaintiff : | |
| : | |
| v. : | CRIMINAL NO. 1:CR-09-341 |
| : | |
| ORLANDO M. BANKS, : | |
|     Defendant : | |

*M E M O R A N D U M*

I. *Introduction*

Defendant, Orlando Banks, filed a pro se motion under 28 U.S.C. § 2255 challenging his conviction and sentence. He makes the following claims of trial-counsel ineffectiveness: (1) Defendant requested that counsel take a direct appeal, in large part so that appellate review could be obtained of the denial of two suppression motions, but counsel failed to do so; (2) counsel failed to call as a witness at trial the confidential informant who supposedly set up the drug transaction that led to Defendant's arrest; and (3) counsel failed to challenge the government's violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and 18 U.S.C. § 3500, which would have allowed successful motions for a judgment of acquittal under F. R. Crim. P. 29 or for a new trial under F. R. Crim. P. 33.

A hearing was held on the motion, where Defendant was represented by appointed counsel. For the following reasons, the motion will be denied.

II. *Background*

  A. *Pretrial and Trial Proceedings*

In October 2009, Defendant was charged in a one-count indictment with possession with intent to distribute in excess of fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The charges arose from two controlled buys of crack cocaine by a confidential informant from Defendant on July 9, and July 22, 2009, with the transactions observed by the police, including police observation of Defendant leaving his residence and traveling to meeting the informant without stopping in between. On September 15, 2009, police again directed the informant to meet with the Defendant for a third drug delivery. The confidential informant arranged the meeting by telephone call. However, the police, based on the previously observed deliveries, made a warrantless arrest of Defendant before he could meet with the informant. A search of Defendant's clothing at the police station revealed crack cocaine in his pants pockets. After the arrest, police obtained a search warrant for his residence. Among other things, when they executed the warrant, they found a substantial quantity of crack cocaine and cash.

Defendant filed two motions to suppress, one for the search incident to arrest and the other for the search of his residence. After a hearing, the court ruled on December 23, 2009, that the two July deliveries were sufficient to provide probable cause to arrest the Defendant and for a search warrant. (Doc. 27).

In January 2010, after a two-day trial, a jury found him guilty of the offense. The confidential informant did not testify. The evidence against Defendant was supplied

by a police officer who witnessed the July drug buys. That officer testified concerning the July 9, 2009, buy; the July 22, 2009, buy; and the September 15, 2009, arrest of Defendant and the search of his residence, both prompted by the confidential informant's phone call arranging another buy for that day. The police officer identified Defendant as the seller in both of the July 2009 transactions. He also described the items seized as a result of the search of the residence, among them: numerous zip-lock sandwich bags; over 250 grams of crack cocaine found in numerous plastic baggies; and over $160,000 in cash. Another police officer testified as an expert on how drugs are packaged and sold, and the evidence that would indicate if a possessor of drugs intended to deliver or distribute them.

Defendant had no prior criminal record, so his criminal history category was I. His total offense level was 34. Defendant's guideline range was therefore 151 months to 188 months. At sentencing on April 21, 2010, the court granted a downward variance, and Defendant was sentenced to 120 months' imprisonment, the statutory mandatory minimum, along with five years of supervised release.

B. *The 2255 Proceedings*

At the 2255 hearing, trial counsel testified that Defendant had expressed a desire to appeal the suppression rulings immediately after they were made. However, he spoke with Defendant immediately before the sentencing, and Defendant agreed at that time that no appeal was necessary. At that meeting, the suppression issue was discussed in detail, and counsel expressed his opinion that the court's ruling on the

3

suppression motions was well-founded. Counsel also made a handwritten note for his file, stating that Defendant "agrees no appeal necessary if guidelines sentence." (Doc. 63-1, CM/ECF p. 12). Immediately after sentencing, counsel again discussed an appeal with Defendant, and Defendant understood there were no appeal issues, including the suppression issue.

After the sentencing, counsel sent Defendant a letter, dated the same day as the sentencing. The letter recounted counsel's understanding that Defendant was "satisfied with the sentence, [e]specially since the length of jail time imposed was the statutory minimum and well below the recommendation of the probation officer and the government." (Doc. 63-1, CM/ECF p. 15). The letter also said that Defendant had "a statutory right to appeal the judgment of sentence and conviction" to the Third Circuit. (*Id.*). It continued:

> Before and after sentencing, we discussed your appellate rights at length in light of the extremely favorable sentence that you received from the Court, the lack of strong appellate issues, and your admission of guilt and remorse at sentencing. We both agree that an appeal is your case is quite unnecessary. Therefore, unless I hear from you to the contrary, I will take no action to preserve your right to appeal. However, in the event that you change your mind and wish me to file an appeal on your behalf, you should notify me within the 14 day period.

(*Id.*). This letter was never returned by postal authorities nor did counsel receive a response from Defendant.

Counsel's next communication from Defendant was a letter received on February 14, 2011, some ten months after the sentencing. (Doc. 63-1, CM/ECF p. 17).

4

The letter stated that counsel had expressed to Defendant concerns about reversible errors the court had made and had also told Defendant he should pursue them later. The letter wanted to know what the errors were and how Defendant could pursue them. (*Id.*). On February 23, 2011, counsel replied by letter that he did not recall speaking about trial-court errors and that he could recall no reversible errors committed by the court. (*Id.*, CM/ECF p. 19). Counsel also reminded Defendant of the substance of the letter he had written Defendant on the day of sentencing. (*Id.*). By letter dated March 16, 2011, Defendant requested a copy of his file, asserting that the deadline was approaching for filing a 2255 motion. (*Id.*, CM/ECF p. 21).

Trial counsel also testified about whether the confidential informant should have been called to testify at trial. Counsel said it would have been "folly" to call the informant because the latter would have testified to the buys. As for impeaching the informant, that would not have worked if he had made the informant a defense witness. Counsel had found more convictions for the informant than revealed by the government,[1] and was ready to impeach the informant with the convictions if that person were called by the prosecution, but the government never called the informant to testify.

At the 2255 hearing, Defendant testified as follows. On the direct-appeal claim, he requested that counsel take an appeal of the suppression ruling. He believes

---

[1] The *Brady* claim is that the government did not reveal the informant's past criminal history. Counsel's testimony indicates that some, but not all, of the informant's criminal history was revealed. This apparent discrepancy is immaterial to the resolution of the motion. We add that counsel did not believe that the government's failure to provide the entire criminal record was intentional.

an appeal had merit because the confidential informant was lying about the September 15 phone call and Defendant denies that any such call was made that day. He also believes that probable cause for an arrest on September 15 could not be based on the two July sales because of the passage of time. As for counsel's letter on the day of sentencing, he thought that referred only to an appeal from the conviction or sentence, as mentioned in the letter; he thought an appeal from the suppression ruling had already been taken. He had asked for such an appeal on two occasions, after the order denying the suppression motions and after the verdict, albeit not after sentencing.

As for calling the confidential informant as a witness at trial, Defendant believes that if the witness had been called, cross-examination would have revealed that he did not talk with the confidential informant on September 15. Knowing the informant personally, he also believes if placed on the stand, the informant would have denied making the September 15 call.

On the *Brady* issue, Defendant testified that the confidential informant was the key witness and that the government provided false records showing the informant had no criminal record, while withholding the real criminal record. Defendant believes that the *Brady* violation provided grounds for a successful motion for judgment of acquittal or for a new trial.

III. *Discussion*

When a defendant claims counsel was ineffective in not taking an appeal, "the first step in the analysis is to determine whether counsel consulted with his client regarding an appeal . . . ." *Harrington v. Gillis*, 456 F.3d 118, 125 (3d Cir. 2006). "'If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" *Id.* (quoting *Roe v. Flores-Ortega,* 528 U.S. 470, 478, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000)). Counsel "consults" with his client when he "advis[es] the defendant about the advantages and disadvantages of taking an appeal and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* at n.3 (quoting *Flores-Ortega*, 528 U.S. at 478, 120 S.Ct. 1029 at 1035.

We resolve the factual disputes between Defendant and his counsel on the direct-appeal issue in the government's favor. We conclude that trial counsel consulted with Defendant about an appeal and that he also consulted about whether to appeal the suppression motions. We also conclude that Defendant decided not to take a direct appeal. We therefore rule against Defendant on this issue.[2]

---

[2] We also believe that an appeal of the order denying the suppression motions would have no merit. Defendant maintains that probable cause for the arrest and search of the residence was based on the September 15 phone call. It was not. It was based on the two buys observed by the police in July. Defendant's assertion that the July buys were stale and do not permit an inference of probable cause for an arrest in September is also meritless. The argument is that the mere passage of time eliminates these transactions from the analysis. However, a probable cause analysis encompasses all of the circumstances. *See United States v. Caple*, 403 F. App'x 656, 659 (3d Cir. 2010)(nonprecedential).

We turn now to the other ineffectiveness claims. Sixth Amendment claims of ineffective assistance of counsel are evaluated under a two-pronged test. "An individual making such a claim must show: (1) that 'counsel's performance was deficient,' which is measured by 'reasonableness under prevailing professional norms;' and (2) that counsel's 'deficient performance prejudiced the defense.'" *Harrington*, *supra*, 456 F.3d at 125 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92, 104 S.Ct. 2052, 2064-65, 2067, 80 L.Ed.2d 674 (1984)).

We agree with the government that counsel's performance on the decision not to call the confidential informant as a witness at trial was not deficient, and Defendant cannot meet the first prong of the *Strickland* test. As counsel noted, there was no reason to believe that the informant would not simply have confirmed that the controlled buys had taken place. Defendant's belief that the informant would have, in essence, "broken" on the stand and recanted, is pure speculation.

In regard to the *Brady* claim, as the government argues, even if there had been a *Brady* violation, this ineffectiveness claim fails because it cannot meet the second prong of the *Strickland* test. Counsel did have the informant's entire criminal record available for use at trial, so the government's alleged withholding of exculpatory evidence could not have prejudiced Defendant. And since the government did not call the informant as a witness, there does not seem to have been any basis for using the impeaching evidence at trial in any event.

Finally, we also note that Defendant's claim based on a violation of 18 U.S.C. § 3500 has no merit. That section would only have applied if the government had actually called the informant as a witness.

IV. *Conclusion*

Having considered all of the claims, we will issue an order denying the 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that he has the right to appeal our order denying his 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22. Defendant has sixty (60) days to appeal the order. *See Lizardo v. United States*, 619 F.3d 273, 275 (3d Cir. 2010)(a defendant has sixty days to file an appeal from the denial of a 2255 motion)(citing Fed. R. App. P. 4(a)(1)(B)).

       /s/ William W. Caldwell
       William W. Caldwell
       United States District Judge

DATE: September 6, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>　　　Plaintiff | : | |
| | : | |
| v. | : | CRIMINAL NO. 1:CR-09-341 |
| | : | |
| ORLANDO M. BANKS,<br>　　　Defendant | : | |

*O R D E R*

AND NOW, this 6th day of September, 2011, it is ordered that:

　 1.  Defendant's motion (doc. 50) under 28 U.S.C. § 2255 is denied.

　 2.  A certificate of appealability is denied.

　　　　　　　　　　　　　　　　 /s/ William W. Caldwell
　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　United States District Judge